Filed 8/18/16  P. v. Semlinger CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK STEVEN SEMLINGER,<br><br>    Defendant and Appellant. | 2d Crim. No. B267967<br>(Super. Ct. Nos. 2011039893,<br>2012039755, 2013003810)<br>(Ventura County) |

Mark Steven Semlinger appeals from orders made after his felony convictions in three cases - nos. 2011039893, 2012039755, and 2013003810 - had been reduced to misdemeanors pursuant to Penal Code section 1170.18, enacted by Proposition 47.[1]  Appellant contends that the trial court erroneously placed him on misdemeanor parole for one year.  We affirm.

*Procedural Background*

In the three cases appellant was sentenced to prison for an aggregate term of two years, eight months.  In July 2014 he was released to postrelease community supervision (PRCS) for a period not exceeding three years.

In September 2015 appellant filed a petition requesting that his felony conviction in case no. 2011039893 be reduced to a misdemeanor pursuant to section 1170.18.  At a hearing on the petition, appellant moved for the same relief in the other

---

[1] All statutory references are to the Penal Code unless otherwise stated.

two cases, nos. 2012039755 and 2013003810.  In each case the court recalled the felony sentence, terminated PRCS, and resentenced appellant to a misdemeanor.  Pursuant to section 1170.18, subdivision (d), it placed him on misdemeanor parole for one year.

*Section 1170.18*

Section 1170.18, subdivision (a) applies to "[a] person *currently serving* a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense . . . ."  (*Ibid*., italics added.)  Such a person may petition to recall his felony sentence and be resentenced to a misdemeanor.  (*Ibid*.)  The person "shall be subject to parole for one year following completion of his or her [misdemeanor] sentence, unless the court, in its discretion, . . . releases the person from parole."  (*Id*., subd. (d).)

Section 1170.18, subdivisions (f) applies to "[a] person who has *completed* his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense . . . ."  (*Ibid*., italics added.)  Such a person is entitled to have his felony conviction designated a misdemeanor without serving a period of misdemeanor parole.  (*Id*., subd. (g).)

*Discussion*

Appellant contends "that an individual on PRCS . . . is not 'currently serving a sentence' within the meaning of section 1170.18, subdivision (a) and cannot be subjected to misdemeanor parole."  We disagree.  "PRCS is similar to parole.  [Citations.] PRCS does not change any terms of a defendant's sentence, but merely modifies the agency that will supervise the defendant after release from prison."  (*People v. Jones* (2014) 231 Cal.App.4th 1257, 1266-1267, fn. omitted.)  "[P]arole [or PRCS] is a mandatory component of any prison sentence.  'A sentence resulting in imprisonment in the state prison . . . shall include a period of parole supervision or postrelease community supervision, unless waived . . . .'  (§ 3000, subd. (a)(1).)  Thus, a prison sentence 'contemplates a period of parole [or PRCS], which in that respect is related to the sentence.'  [Citation.]"  (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.)  Section 1170,

2

subdivision (c) provides:  "The court shall . . . inform the defendant that *as part of the sentence* after expiration of the term he or she may be on parole . . . or postrelease community supervision . . . ."  (Italics added.)  Because appellant was on PRCS when the trial court reduced his felony convictions to misdemeanors, he was still "currently serving" his felony sentence within the meaning of section 1170.18, subdivision (a).  Accordingly, he was subject to a one-year period of misdemeanor parole pursuant to subdivision (d).

Appellant argues that the one-year period of misdemeanor parole must be reduced by his excess custody credits and prior period on PRCS.  After appellant had filed his opening brief, our Supreme Court held that excess custody credits cannot reduce the one-year parole period.  (*People v. Morales* (2016) 63 Cal.4th. 399.)  It follows that time spent on PRCS also cannot reduce the parole period.

### Disposition

The orders appealed from are affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:



GILBERT, P. J.



PERREN, J.


3

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.